UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5165 CAS (JCGx) | Date | March 25, 2013 |
|---|---|---|---|
| Title | PHILLIP ALLEN ET AL. V. SUNTREK TOURS, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Sheri Kleeger | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Paul Cullen | Leslie Mann |

**Proceedings:** **DEFENDANT'S MOTION TO STAY CASE** (filed February 24, 2013)

## I.   INTRODUCTION & BACKGROUND

On June 13, 2012, plaintiffs Phillip Allen and Brian Calder filed suit against defendant Suntrek Tours, Inc. Dkt. No. 1. Plaintiffs, former group leaders for defendant's touring company, seek to bring a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., for failure to pay minimum and overtime wages.

Seven months prior, these same plaintiffs, represented by their same counsel, initiated a state court action against Suntrek in the Los Angeles County Superior Court. See Decl. of Joseph Miller Ex. A (Complaint for Allen and Calder v. Suntrek Tours, Inc., Case No. BC 462363). In this suit, plaintiffs also allege that Suntrek failed to pay minimum and overtime wages in accordance with California law, in addition to asserting various other claims for relief under California Labor law. Id. Defendant demurred to plaintiff's First Amended Complaint in this action, contending that California's wage and hour laws do not apply outside of California's borders. On January 30, 2012, the trial court overruled the demurrer, finding that plaintiffs properly stated a claim because at least some work occurred in California. Miller Decl. ¶ 5.[1] Plaintiffs thereafter filed the operative Second Amended Complaint in superior court on November 8, 2012 ("State Court SAC"). Id. ¶ 7. Defendant also notes the "extensive" discovery the parties have engaged in the state court action, including document exchange and a number of depositions of the named plaintiffs and defendant's representatives. See Miller Decl. ¶ 8.

---

[1] Defendant also filed a motion to strike allegations from plaintiffs' complaint, which led to plaintiffs filing their First Amended Complaint in the state court action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5165 CAS (JCGx) | Date | March 25, 2013 |
|---|---|---|---|
| Title | PHILLIP ALLEN ET AL. V. SUNTREK TOURS, INC., ET AL. | | |

    Plaintiffs filed a motion for class certification in the state action on November 13, 2012. At present, this motion is expected to be heard in July 2013. Id. ¶ 7. Defendant maintains that plaintiffs seek to represent a class consisting of all of defendant's group leaders who led a tour anywhere in North America. See State Court SAC ¶ 3 ("this lawsuit focuses only on the Defendant's employees here in North America"); ¶ 27 (alleging that plaintiffs bring the action on behalf of all of defendant's group leaders "who worked for Defendants during the relevant time period"). In opposition, plaintiffs contend that the state court action seeks recovery only on behalf of those employees who performed work "either partly or exclusively within the territorial confines of California." Opp'n at 2. Neither party provides the Court with the proposed class definition set forth in plaintiffs' motion for certification, assuming such language exists.

    As noted, the same plaintiffs filed this suit in federal court on June 13, 2012. Dkt. No. 1. Plaintiffs failed to serve defendant, however, and the Court issued an Order to Show Cause on January 25, 2013, why this case should not be dismissed for lack of prosecution. Dkt. No. 8. Plaintiffs thereafter served defendant and filed the operative First Amended Collective Action Complaint ("FAC") in this Court, substituting Peak DMC North America in place of Suntrek Tours, and also naming Intrepid Travel Proprietary Limited, an Australian company, as a defendant. Dkt. No. 13.[2]

    As with their state action, plaintiffs seek to represent tour, trip, and group leaders who led tours throughout North America. FAC ¶ 7. Plaintiffs allege that defendants have failed to pay minimum and overtime wages in violation of federal law. Id. ¶ 12. Under the authority of 29 U.S.C. § 216, plaintiffs bring their suit as a collective action on behalf of a class defined as "All Group leaders [however defined] employed by Defendants during. . . the past three years preceding the filing of the original Complaint herein up through the time of trial." FAC ¶ 17. Despite the definition in their FAC, plaintiffs contend that this action "seeks recovery for work performed exclusively outside California." Opp'n at 2.

    A comparison of the operative complaints in both actions reveals substantial similarity, despite the fact that plaintiffs bring only state law claims in their state court action and a single federal claim in their federal action. See Mot. at 5–8. Both suits seek to recover for allegedly unpaid overtime and minimum wages based on the same alleged

---

[2] This foreign defendant has not yet been served.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5165 CAS (JCGx) | Date | March 25, 2013 |
|---|---|---|---|
| Title | PHILLIP ALLEN ET AL. V. SUNTREK TOURS, INC., ET AL. | | |

conduct, during the same time period, for the same class of employees. The state suit also seeks additional recovery based on a number of other state law claims.

On February 24, 2013, defendant filed a motion to stay this case in light of plaintiffs' pending state court action. Dkt. No. 10. Plaintiffs opposed the motion on March 4, 2013, and defendant replied on March 11, 2013. The Court held a hearing on March 25, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

## II.   ANALYSIS

Pursuant to Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), defendant argues that the proceedings in this action should be stayed in favor of plaintiffs' state court proceeding. First, the two actions are substantially similar, defendant contends, as the same counsel represents the same plaintiffs in both actions; SunTrek is a defendant in both actions; and the claims arise out of the same alleged conduct, time period, and legal duties.

Second, because these actions are substantially similar, defendant contends that the Court should apply the eight factor test set forth in Holder v. Holder, 305 F.3d 854, 863 (9th Cir. 2002). Under this test, a court must consider:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

R.R. St. & Co. Inc. v. Transp. Ins. Co., 656 F.3d 966, 978–79 (9th Cir. 2011) (citing Holder, 305 F.3d at 870). While a district court has discretion to weigh these factors, any doubt should be resolved against a stay or dismissal of the federal action. See id. at 979.

As in R.R. St. & Co., first two factors are irrelevant in this case, "because the dispute does not involve a specific piece of property, and both the federal and state

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5165 CAS (JCGx) | Date | March 25, 2013 |
|---|---|---|---|
| Title | PHILLIP ALLEN ET AL. V. SUNTREK TOURS, INC., ET AL. | | |

forums are located in Los Angeles." Id. at 979. According to defendant, the balance of the factors favor a stay. The Court can avoid piecemeal litigation and a duplication of effort by staying its hand in favor of the first-filed state litigation, which involves the same legal issues under the guise of state-law claims. The mere fact that plaintiffs did not allege an FLSA claim in the state action is not sufficient, standing alone, to warrant two separate suits. See Gintz v. Jack in the Box, Inc. 06-cv-2857, 2006 WL 3422222, at *5 (N.D. Cal. 2006). The fact that this litigation includes a federal claim not present in the state court action does not change the analysis, because adjudication of the state law claims may determine the outcome of the federal claim, and because plaintiffs could amend their complaint to assert an FLSA claim in the state court litigation. See also Kovak v. Pacific Bell Telephone Co., 2012 U.S. Dist. LEXIS 113196 (N.D. Cal. 2012).

In opposition, plaintiffs argue that a stay is not warranted, focusing primarily on what plaintiffs contend are the distinct composition of the potential class of former tour guides in each case, as there will be no duplication between the two. Because the later-filed federal case seeks to provide a remedy for work "performed by the class exclusively outside of the territorial confines of California," plaintiffs contend that a stay is inappropriate. Plaintiffs also argue that the "legal analysis" required in each case will be dissimilar, and that there is a new "foreign co-defendant" in the federal litigation, whose addition is premised in part on the "liberality of the definition of employer under federal law as compared to state law." Moreover, although plaintiffs do not dispute that they could have brought their FLSA claim in state court, given the progress of the proceedings there and the pending class certification motion, plaintiffs contend that this would inject significant delay into their state court proceeding, if they are able to amend at all. Furthermore, plaintiffs contend that they would have to redo a significant amount of already completed discovery. In the event the Court is inclined to grant defendant's motion, plaintiffs request that the Court equitably toll the FLSA claim of the class plaintiffs' seek to represent in this collective action.

Having considered the parties' arguments, the Court finds that a stay of this action is not warranted. To the extent that plaintiffs seek to represent two distinct classes—one for employees who performed their work at least in part in California, one for employees who performed worked wholly outside of California—the suits are not sufficiently similar to support a stay. Therefore, unlike those cases where courts have found a stay to be appropriate, the different composition of each potential class here is alone grounds for denying defendant's motion, despite any identity of named plaintiffs and their counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5165 CAS (JCGx) | Date | March 25, 2013 |
|---|---|---|---|
| Title | PHILLIP ALLEN ET AL. V. SUNTREK TOURS, INC., ET AL. | | |

Without substantial identity between the potential classes, concerns over piecemeal litigation and the adequacy of state court proceedings to protect the rights of the federal litigants are not implicated here. Accordingly, weighing the Colorado River factors in light of the parties' arguments, the Court concludes that a stay is not warranted in the instant case.

### III.  CONCLUSION

In accordance with the foregoing, defendant's motion to stay this case is denied without prejudice.

IT IS SO ORDERED.

00:10<br>
Initials of Preparer: cmj